

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-29-2007

# Greenbaum v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2780

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Greenbaum v. Comm Social Security" (2007). *2007 Decisions.* Paper 859.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/859

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 06-2780

———

STACEY L. GREENBAUM,

Appellant

v.

JO ANNE B. BARNHART,
COMMISSIONER OF SSA

———

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 05-cv-00533)
District Judge: Honorable Mary A. McLaughlin

———

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 5, 2007

Before: SMITH, COWEN, and SILER,* *Circuit Judges*.

(Filed: June 29, 2007)

———

OPINION OF THE COURT

———

_____

*The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth
Circuit, sitting by designation.

SILER, *Circuit Judge*.

Stacey L. Greenbaum appeals the District Court's grant of summary judgment to the Commissioner in this social security case. We agree with the District Court that substantial evidence supports the Commissioner's decision in denying benefits and so we will affirm.

I.

Because we write only for the parties, we present the facts briefly.

Greenbaum was born in 1965. She holds a bachelor's degree in recreational therapy and has worked as a nutrition specialist. She was last employed as a recreational therapist. She took a leave of absence from that job in January 1993 after falling at work and injuring her right side. She resumed her work in June 1993–this time light duty only, three days a week. She stopped working completely in February 1994 and has since been unemployed.

Greenbaum applied for disability insurance benefits in May 1996, alleging disability as of February 5, 1994, due to multiple impairments. After a hearing before an Administrative Law Judge ("ALJ"), she was denied benefits; the Appeals Council later remanded the case to the ALJ.[1] At the second hearing before the ALJ, Greenbaum testified to several ailments including pain in her right hand, arm, shoulder and neck; headaches; and

---

[1] Specifically, the Appeals Council directed the ALJ to "[g]ive further consideration to the claimant's maximum residual functional capacity during the entire period at issue and provide rationale with specific references to evidence of record in support of the assessed limitations [and] [i]n so doing, evaluate the treating and nonexamining source opinions . . . and explain the weight given to such opinion evidence."

poor sleep.[2] The ALJ again denied Greenbaum's application. The Appeals Council denied Greenbaum's second request for review and Greenbaum filed this matter in the District Court. The District Court granted the Commissioner's motion for summary judgment and denied Greenbaum's motion. We have jurisdiction under 28 U.S.C. § 1291.

## II.

In order to receive disability benefits, a claimant must establish that she is disabled under the Social Security Act. We exercise plenary review over a grant of summary judgment and so our role on appeal is the same as the role of the District Court. *See Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999). Specifically, we must affirm if the ALJ's findings are supported by substantial evidence. *Burns v. Barnhart*, 312 F.3d 113, 118 (3d Cir. 2002).

Here, the ALJ found that Greenbaum's impairments, although severe, did not result in total disability. Rather, she determined that Greenbaum retained the residual functional capacity to engage in sedentary work. Greenbaum challenges this conclusion on three grounds. First, she argues that substantial evidence does not support the ALJ's decision to deny disability benefits. Second, she argues that the ALJ did not properly assess her residual functional capacity as required by the remand order of the Appeals Council. Third, she argues that the ALJ failed to address inconsistencies in the vocational expert's testimony with

_____

[2] The details of Greenbaum's medical history were well described by the ALJ and we will not repeat those details separately here.

the Dictionary of Occupational Titles ("DOT"), as required by Social Security Ruling ("SSR") 00-4p.

The ALJ discussed Greenbaum's limitations at great length in her decision. The opinion provides factual foundations for her findings. Because substantial evidence supports the ALJ's determination, we find no reversible error.

Greenbaum argues that on remand the ALJ should have discussed each of the functions listed on the form located in the state agency residual physical functional capacity assessment. There is, however, no legal requirement that every conceivable function must be discussed. Moreover, the Appeals Council was satisfied that the ALJ's decision fulfilled its remand order when it affirmed the ALJ.

Throughout the relevant period, Greenbaum saw more than twenty physicians whose opinions often contradicted one another. She now argues that the ALJ improperly rejected or did not properly evaluate certain opinion evidence. These opinions, however, were not supported by the record as a whole. Therefore, the ALJ was not required to accord these contradictory opinions controlling weight. *See* 20 C.F.R. § 404.1527(d)(4) ("the more consistent an opinion is with the record as a whole, the more weight we will give to that opinion"). Additionally, Greenbaum's subjective complaints suggested a greater severity than was shown by objective, uncontradicted medical evidence. Thus, substantial evidence supported the residual functional capacity that the ALJ assessed.

The ALJ found that Greenbaum was able to lift no more than 10 pounds, which is commensurate to the sedentary job level. Two of the three positions that the vocational

4

expert identified can be performed at the sedentary level, although they require a heightened reasoning ability. However, because Greenbaum has a college degree, she has the required educational background to perform these occupations. There is no evidence that her physical impairments affected her reasoning skills. Thus, the vocational expert's testimony was not at variance with the DOT and no explanation was required.

## III.

Because substantial evidence supports the ALJ's determination, we will affirm the judgment of the District Court.